### EARL BYXBEE v. STATE.

No. A-4380.   Opinion Filed Oct. 4, 1924.
(228 Pac. 1004.)

(Syllabus.)

**Appeal and Error—Presumption Where Record Contains Inconsistent Statements as to Averments in Information.** Where different parts of the record are inconsistent as to the averments contained in the information, and if the averments are sufficient according to some portions of the record and the trial proceeds on that basis, this court will assume under circumstances such as shown here that the discrepancies were due to inadvertent omissions or inaccuracies in the record.

Appeal from County Court, Woods County; L. T. Wilson, Judge.

Earl Byxbee was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

J. W. Barry, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Earl Byxbee, plaintiff in error, defendant in the trial court, was on the 16th day of March, 1922, found guilty of the illegal manufacturing of intoxicating liquor. By the verdict of the jury his punishment was fixed at confinement in the county jail for a period of 90 days and a fine of $500. From the judgment rendered in accordance with the verdict, he appeals.

The defendant maintains that the information does not state facts sufficient to constitute an offense. At one place in the record, purporting to be a copy of the information, a portion of the charging part states that Earl Byxbee "did willfully, intentionally, and unlawfully make and manufacture intoxicating liquors, in violation of the prohibitory laws of the state." At another place in the record, purporting to be a copy of the information, it is stated that Earl Byxbee "did willfully, intentionally, and unlawfully make and manufacture intoxicating liquor, to wit, corn whisky, in violation of the prohibitory laws of the state." The complaint and warrant of arrest indicate that the defendant was charged with making corn whisky; the remarks of the court and of counsel during the progress of the trial indicate that the defendant knew the kind and character of intoxicating liquor involved in the prosecution. We assume, therefore, that there may have been an amended information, showing that fact, or that the words, "to wit, corn whisky," were inadvertently omitted from the copy of the information as it first appears in the record. That being the case, the demurrer to the information was properly overruled.

The defendant next complains of improper and prejudicial remarks made by the county attorney during the progress of the trial. During the course of the opening statement to the jury, the county attorney said:

"Now, in this trial the defendant demanded a trial by jury, for the reason that he was afraid of the verdict that would be given by the judge and believed that he would have an easier * * *

"By Mr. Barry (interrupting): We object to that statement, your honor.

"By the Court: What was the statement?"

The statement was then repeated, and the court very properly sustained the objection and admonished the jury that the remarks made by the county attorney should be disregarded. Practically the same statement was made by the county attorney in his closing argument to the jury, when the court again admonished the jury that the remarks were improper and should not be considered by them for any purpose. Under the circumstances, this irregularity will not be sufficient to work a reversal of this cause.

The defendant urges that there was error in the court's instructions to the jury and error in the refusal of the court to give a requested instruction. The instructions have been examined and both these contentions found to be without merit.

The evidence shows that the officers went to the defendant's premises, where they found the defendant in possession of a still which had been very recently in operation, together with a great quantity of mash and other things indicative of the manufacture of whisky; that some of the product was still warm; and that the defendant, when apprehended, made remarks and statements indicating that he was guilty.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.